UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHELLE McLAUGHLIN, ) | Civil Action No.: 4:15-cv-0245-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| CSX TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an employment discrimination case brought pursuant to Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. § 1981. Presently before the court are Defendant's Motion for Leave to File Amended Answer (Document # 30), Defendant's Motion to Seal (Document # 39), Plaintiff's Motion for Leave to File Excess Pages (Document # 45), Plaintiff's Motion to Seal (Document # 46), and Plaintiff's Motion to Strike (Document # 53). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

First, Defendant seeks to file an amended answer. Although Plaintiff initially filed a response in opposition to this motion, she now seeks to strike that opposition. Therefore, Plaintiff's Motion to Strike (Document # 53) is **GRANTED** and Defendant's Motion for Leave to File Amended Answer (Document # 30) is **GRANTED** as unopposed. **Defendant is directed to file its Amended Answer within five days of the date of this order.**

Both Defendant and Plaintiff seek to file under seal Plaintiff's medical records that are cited in their respective motion and response. Both parties have forwarded the documents at issue to the

Court for an <u>in camera</u> review pursuant to Local Rule 5.04(C), DSC. In addition, pursuant to Local Rule 5.04(A), they have filed supporting memoranda (1) identifying, with specificity, the documents or portions thereof for which sealing is requested; (2) stating the reasons why sealing is necessary; (3) explaining (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) addressing the factors governing sealing of documents reflected in controlling case law. <u>E.g.</u>, <u>Ashcroft v. Conoco, Inc.</u>, 218 F.3d 288 (4th Cir. 2000); and <u>In re Knight Publishing Co.</u>, 743 F.2d 231 (4th Cir. 1984).

    Sealing of the documents at issue is required pursuant to electronic filing rule 14.4.3 which mandates that "medical records, treatment records, or diagnosis" be filed under seal. Redaction is not possible given the nature of the documents. Accordingly, sealing of the documents is necessary to protect such confidential information and allow it to not become disseminated to the general public. Public notice has been satisfied through docketing of the parties' Motions to Seal. <u>See</u> Local Civil Rule 5.03(D), D.S.C. Therefore, Defendant's Motion to Seal (Document # 39) and Plaintiff's Motion to Seal (Document # 46) are **GRANTED**. The Clerk's office is directed to file the documents at issue under seal and as additional attachments to the respective motion for summary judgment or response.

    Finally, Plaintiff seeks leave to file a response to the motion for summary judgment in excess of thirty-five pages, pursuant to Local Civil Rule 7.05(B). Plaintiff's Motion for Leave to File Excess Pages (Document # 45) is **GRANTED.**

    **IT IS SO ORDERED.**

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

August 4, 2016
Florence, South Carolina