IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHELLE McLAUGHLIN, ) | Civil Action No.: 4:15-CV-00245-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court to consider Defendant's Motion for Reconsideration filed on October 18, 2016. [ECF #72]. Defendant CSX Transportation, Inc. ("CSX") requests this Court reconsider its previously issued Order, dated September 29, 2016, wherein this Court granted in part and denied in part summary judgment in favor of Defendant. [ECF #70]. On November 11, 2016, Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Reconsideration [ECF #75], and on November 21, 2016, Defendant filed its Reply Brief [ECF #76]. All parties have had the opportunity to extensively brief the issues raised in the motion, and this Court has thoroughly considered all the filings in this case.[1] This Court now issues the following ruling.

**Background**

On January 28, 2016, Defendant filed a Motion for Summary Judgment. [ECF #35]. On February 26, 2016, Plaintiff filed her response in opposition to Defendant's Motion. [ECF #47]. Defendant filed its reply in support of its Motion on March 7, 2016. [ECF #49]. In accordance

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.) this matter was referred to a Magistrate Judge for pretrial handling, and the Magistrate Judge recommended granting summary judgment to Defendant on all claims. [ECF #61]. After Plaintiff filed her objections, and Defendant responded to those objections, this matter came before this Court. This Court granted summary judgment to Defendant with respect to most of Plaintiff's claims, except on one failure-to-promote claim regarding the 2013 Florence roadmaster selection of another candidate. This Court found that Plaintiff met her burden to show that she may be able to prove that Defendant's proffered reason for selecting another individual instead of Plaintiff was pretextual. [ECF #64]. Defendant now argues that the Court erred in determining that Plaintiff may be able to prove this claim because it offered two reasons for its decision to hire another candidate, and Plaintiff has not shown that both of these reasons were "false" or an "ex post justification." [ECF #72-1, pp. 1-2]. Specifically, Defendant argues that this is the first time it has had the opportunity to address the argument that its proffered reason given for hiring another candidate was false. [ECF #72-1, p. 2]. Defendant argues that in Plaintiff's objections she did not challenge Defendant's proffered reason for its decision to hire another candidate as "false" or an "ex post justification," and Plaintiff also did not raise specific objections to this particular job candidate selection. [ECF #72-1, p. 2]. Plaintiff contends Defendant did in fact have the opportunity to raise these arguments, and further, that Plaintiff did provide facts to combat the proffered reason for selecting another candidate for the 2013 Florence position and show why she felt the reason was "false" or pretextual. [ECF # 75, pp. 1-3].

2

## **Standard of Review**

Defendant makes its Motion for Reconsideration under Federal Rule of Civil Procedure 54(b). Rule 54(b) governs the Court's reconsideration of interlocutory orders. Rule 54(b) permits a district court to revise "any order or other decision . . . that adjudicates fewer than all the claims and all the parties' rights and liabilities. FED R. CIV. P. 54(b). A district court's discretion to modify an interlocutory order under Rule 54(b) is broader than "the strict standards applicable to motions to alter or amend a final judgment under Rule 59(e) or for relief from judgment under Rule 60(b)." *AMCOL Sys., Inc. v. Lemberg Law, LLC*, No. 3:15-3422-CMC, 2016 WL 613896, at *2 (D.S.C. Feb. 16, 2016)(quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). However, though the strict standards applicable to Rule 59 do not apply to motions brought under Rule 54(b), district courts within this circuit look to the standards of Rule 59 for guidance. *Poole v. Transcon. Fund Admin., Ltd.*, No 6:12-2943-BHH, 2016 WL 301225, at *1 (D.S.C. Jan 25, 2016).

The Fourth Circuit has held that, as with a motion under Rule 59, Rule 54(b) motions should be granted for three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice." *Id.*; *see also Collison v. International Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). Defendant does not explicitly point to which of the three reasons it believes warrants this Motion being granted, however its argument appears to be that it was a clear error of law or manifestly unjust to deny summary judgment on this claim. Having reviewed the Motion, Response, and Reply, the Court concludes that the denial of summary judgment on the ground discussed in the

3

Motion was appropriate, albeit this Court acknowledges that whether Plaintiff can make a robust argument to a trier of fact based on the current evidence to support her remaining claim is questionable.

**Discussion**

Plaintiff's Complaint alleged several claims against Defendant, including violations of Title VII, violations of § 1981, and assault and battery, a claim she later abandoned. [ECF #1]. The Complaint asserted that Plaintiff was denied numerous promotions, which were given instead to male employees who were equally or less qualified than Plaintiff. [ECF #1, p. 3]. In this Court's Order granting in part and denying in part summary judgment in favor of Defendant, this Court declined to grant summary judgment on one of Plaintiff's failure-to-promote claims. The particular claim was that in February 2013, Defendant placed another employee, Jonathan Thomas, in an available roadmaster position in Florence, SC, that Plaintiff believes evidences a discriminatory intent on the part of Defendant to prevent her from receiving this promotion. Defendant argued that it directly placed this employee in the position because he had the qualifications Defendant was looking for, was more qualified than Plaintiff for this position, and Plaintiff was not ready to be placed in a roadmaster position.

This Court considered the fact that Plaintiff provided the following circumstantial evidence surrounding this position: (1) she had spent more time with the company; (2) Mr. Thomas did not have the same railroad experience; (3) Florence had never had a female manager; and (4) she was better qualified in that she had been trained by Defendant. [ECF #70]. This Court also found relevant the fact that she was temporarily placed to fill Mr. Thomas's position while he was

absent, and she was appointed and placed as an assistant roadmaster in the Florence division. [ECF #72]. All of these facts together led this Court to find that Plaintiff had provided sufficient facts to get past summary judgment on this one claim.

As an initial matter, Defendant argues that this Motion is the first time it has had the opportunity to address or challenge the argument that its proffered reason for its employment action (to hire Jonathan Thomas) was false or an ex post justification (i.e. pretextual) because Plaintiff did not raise this issue. [ECF #72-1, p. 2]. The flaw in Defendant's argument, as will be more fully addressed below, is that Defendant assumes that this Court's decision was necessarily based on the fact that Plaintiff only met her burden of showing pretext in one of two ways (i.e. that she did not make the proper showing that she better qualified, because the Court did not explicitly make that finding). [ECF #72-1, p. 1]. The Order actually points to Plaintiff's arguments regarding her qualifications as one circumstantial piece of evidence that supports the finding that she met her burden of proof. [ECF #70, p. 1]. Moreover, a review of the record reveals that while Plaintiff may not have explicitly said Defendant's proffered reason was "false," she clearly raised this argument. For example, she argued that her testimony, along with the testimony of Ernest McWhite, another employee, refute Defendant's proffered reason that Plaintiff did not have the requisite technical skill required for the position and that Mr. Thomas was better qualified than Plaintiff. [ECF #47, pp. 26-27]. Again in her objections to the R&R, Plaintiff objected to that finding, with respect to each failure to promote claim, that Plaintiff could not show she was more qualified than the other candidate chosen. [ECF #64, p. 8]. In fact, relying upon prior case law stating pretext can be established by showing a given reason is "unworthy of

5

credence," Plaintiff argued the facts she believed showed that Defendant's proffered reason or reasons were "unworthy of credence" (i.e., that they were false). [ECF #65, pp. 9-11].

This Court considered both arguments, but ultimately agreed with Plaintiff that she brought forth enough evidence with respect to this position to meet her burden of proof for summary judgment purposes. Accordingly, this Court finds that Defendant has previously had the opportunity to address arguments regarding whether its proffered reasons for promoting Mr. Thomas were pretextual in that its reasons may have been false. Nonetheless, this Court has considered Defendant's Motion and will consider its arguments.

To prove a case of discriminatory failure to promote under Title VII, a plaintiff must either put forth direct evidence of a discriminatory purpose by a defendant in promoting employees, or circumstantial evidence of "sufficiently probative force to raise a genuine issue of material fact." *Cutshall v. Potter*, 347 F. Supp. 2d 228, 233 (W.D.N.C. Dec. 1, 2004) (citing *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996)). A plaintiff may also satisfy this burden by showing that an employer's proffered reason for an employment action is unworthy of credence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000). Defendant asserts that it provided two legitimate, nondiscriminatory reasons to select another candidate over Plaintiff for the position in question: (1) the candidate was better qualified; and (2) Plaintiff did not have the requisite technical knowledge needed, as indicated in recent performance reviews. [ECF #72-1, p. 3]. Defendant argues that in order to defeat summary judgment, Plaintiff had to

show that both of these reasons were pretextual.[2] First, this Court notes that what Defendant seeks to characterize as two distinct proffered reasons actually overlap in that one necessarily impacts or subsumes the other. Second, Plaintiff adequately addressed the reasons given by Defendant for hiring Mr. Thomas, regardless of whether she parsed them out individually or considered them all at once. Specifically, Plaintiff argued that Defendant was unworthy of credence for finding Mr. Thomas was better qualified in that she was with the company longer and she was trained by Defendant, and that the reason given that she lacked the technical knowledge needed was unworthy of credence because they later asked her to fill in for that same position (i.e. Defendant would not ask someone lacking the necessary skills to temporary fill in for that position). Plaintiff also produced the affidavit of Ernest McWhite, a fellow former employee and roadmaster who testified as to Plaintiff's technical skills and qualifications and bolstered Plaintiff's belief that Defendant's given reasons for not hiring her were steeped in pretext. [ECF #47-1]. Thus, this Court agrees with Plaintiff that her showing that she was better qualified simultaneously also showed that Defendant's proffered reason that someone else was more qualified was false or pretextual.

### 1. Mr. Thomas was more qualified than Plaintiff for the roadmaster position.

Defendant does not appear to dispute that Plaintiff argued she was more qualified than Mr. Thomas, and thus, this reason given by Defendant was mere pretext. Instead, Defendant now

---

[2] In *Potter*, a case considering a reverse race discrimination failure to promote claim, the defendant argued that the plaintiff was not promoted to a position because of his excessive tardiness, and because in its discretion, it chose to select an equally qualified candidate. 347 F. Supp. 2d. at 239. However, the tardiness timeline included many dates after the promotion already occurred. *Potter* concluded that the defendant was still entitled to summary judgment because evidence conclusively supported its other non-discriminatory reason for its employment action. *Id.* In that case, the plaintiff could not rebut the fact that its employer chose someone equally qualified, and further, that his employer had previously offered the position to another white candidate. *Id.*

7

argues in its Motion that Plaintiff's reasons given to show she was better qualified are based on her own criteria for judging qualifications and merely show she was around longer than Mr. Thomas. [ECF #72, pp. 5-7]. In essence, Defendant argues Plaintiff has not made a showing that her qualifications were "demonstrably superior" to those of Mr. Thomas. *See Heiko v. Colombo Savings Bank, F.S.B.*, 434 F.3d 249, 261 (4th Cir. 2006) (finding that a reasonable fact finder could conclude the plaintiff was posed for a specific position and displayed the applicable aptitude needed for that position).[3] Beyond a general roadmaster job description, this Court does not have before it the selection criteria used by the alleged decisionmaker or makers to conclude who was the most qualified candidate. Plaintiff provides as evidence the fact that she had seniority with the company, was trained by CSX, and another male roadmaster (Mr. McWhite), felt she had the necessary qualifications. In construing these facts in the light most favorable to Plaintiff, this Court previously determined that Plaintiff provided enough evidence to show a material question of fact exists as whether she was more qualified than Mr. Thomas. Accordingly, upon reconsideration, this Court denies Defendant's Motion as to this argument.

---

[3] Defendant argues that Plaintiff mischaracterized Mr. Thomas as an "external hire." [ECF #72, p. 6]. While this is probably a mischaracterization in that Mr. Thomas had been a CSX employee since August 7, 2011, this Court did not rely on this mischaracterization in its ruling as a reason given by Plaintiff as sufficient evidence to get past summary judgment. The Court noted, however, the extent of Plaintiff's railroad experience as compared to Mr. Thomas's experience. Furthermore, Defendant points to *Anderson v.Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005) to argue that, Plaintiff cannot "establish her own criteria" for a position. However, in *Anderson*, the position in question had a detailed job description, including "core and functional competencies" listed within the job description by which the candidates presumably were measured. In this case, Defendant presented Plaintiff with a general roadmaster job description to review, marked as Exhibit 2 to her deposition. This exhibit was not attached to Plaintiff's deposition filed as an exhibit.

8

**2. Plaintiff did not have the required technical skill for the roadmaster position.**

Defendant next argues that Plaintiff did not address this reason for nonselection, and further, that it provided a legitimate reason for not placing Plaintiff in this position, namely, the fact that she performed poorly in interviews for other positions. [ECF #72-1, p. 9]. Defendant states on the one hand that Plaintiff did not raise an objection to this issue, however on the other hand implicitly acknowledges that this Court read Plaintiff's argument regarding the fact that she was thereafter called upon to fill in for Mr. Thomas as Plaintiff's proof that Defendant's reasons for not hiring Plaintiff were pretextual. [ECF #72-1, p. 10]. While this Court has thus previously considered this issue, it will address the three stated reasons to reconsider this analysis.

First, Defendant argues that because Plaintiff did not make a "false-reasoning" argument as to whether Defendant was truthful in its allegation regarding her skill level before the Magistrate Judge or in her objections, it should not have been considered by this Court. As previously discussed in this Order, this Court does not agree with Defendant that Plaintiff did not adequately raise this issue or otherwise put Defendant on notice of this argument. Even so, while the Court is not obligated to consider new arguments raised after the R&R, it may do so in its discretion. *Dune v. G4s Regulated Security Solutions, Inc.*, 13-CV-01676, 2015 WL 799523, *2 (D.S.C. Feb. 25, 2015). In any event, because Defendant is now being heard by this Court on its Motion for Reconsideration, this argument is moot.

Second, Defendant disagrees with this Court that Plaintiff raised a genuine issue of material fact when she presented as evidence the fact that she was used as a temporary replacement for Mr. Thomas in his absence, despite the fact that Defendant stated her alleged inadequate technical

9

knowledge was a reason to deny her the promotion. Defendant argues that this is an improper means to show pretext because Plaintiff has not shown that Mr. Elliott, the supervisor who filled the Florence position, also made the decision to use her as a temporary replacement, citing to *Jarvis v. Astrue*, CCB-05-2950, 2007 WL 2332694 (D. Md. July 31, 2007). *Jarvis* does not establish such a holding. *Jarvis* involved a distinguishable factual scenario where several individuals were involved in the decision to hire an employee for a position, and some of those individuals were found to have exaggerated another candidate's qualifications. *Jarvis*, 2007 WL 2332694, at *8. That Court held that the ultimate decision-maker did not rely on those areas of qualification to make a decision, thus there was no inference of discrimination. *Id.* In its reply, Defendant cites to *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980), arguing that the Fourth Circuit has held that only the perception of the decisionmaker is relevant. In *Smith*, the Court was considering a plaintiff's own perception of his ability versus the decisionmaker's ability. By contrast, Plaintiff argued that the Defendant's own decision to place her in a temporary roadmaster position calls into question its own proffered reason for making the decision not to promote her to that job because she did not have the technical skill required for the job. Whether this particular stated reason by Defendant was legitimate or not, given the fact that she was used as a temporary replacement, she was brought to Florence to be an assistant roadmaster in training, she had been with the company for several years and had been trained by the company, is a question of fact reserved for a jury. Moreover, the Defendant actually highlights the fact that the record does not contain any information regarding who made the decision to put Plaintiff in this temporary assignment, for how long, and whether others were available. [ECF #72-1, p. 12]. This

10

Court, in viewing the evidence in the light most favorable to the Plaintiff, determined that a material question of fact existed regarding whether this stated reason for hiring another candidate over Plaintiff was pretextual. After considering Defendant's argument, this Court will not grant Defendant's Motion on this ground.

Third, Defendant argues that this Court should reconsider its ruling because Plaintiff's argument that there had never been another female roadmaster cannot establish pretext. This Court acknowledges that a mere absence of minorities in upper level positions, without evidence of the relevant applicant pool, does not necessarily establish pretext. *See June v. City of Gastonia,* 3:13-CV-612-RJC, 2015 WL 4249877, at *4 (W.D.N.C. July 13, 2015). However, this was not the sole reason Plaintiff provided to show pretext. In fact, her argument was that in considering several different facts together, Defendant's proffered reason becomes suspect and raises a genuine issue of material fact as to whether it was pretextual. Thus, this Court agrees with Plaintiff and finds this argument is not sufficient to grant Defendant's Motion.

## **Conclusion**

The Court has thoroughly reviewed the entire record, including all pleadings and exhibits filed in this case. While this Court acknowledges the somewhat weak nature of Plaintiff's remaining claim, for the reasons stated above, it is enough to withstand summary judgment, and this Court **DENIES** Defendant's Motion for Reconsideration. [ECF #72].

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
June 2, 2017　　　　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge