IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHELLE McLAUGHLIN, | ) | Civil Action No.: 4:15-CV-00245-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court to consider Defendant's Motions in Limine filed on February 20, 2017. [ECF #89; ECF #90]. Defendant CSX Transportation, Inc. ("CSX") requests an order limiting Plaintiff and her counsel from introducing evidence related to the previously dismissed claims, including evidence related to non-decisionmaker's alleged mistreatment of her, other employees' alleged opinions of her, and evidence related to events occurring after the selection of Mr. Jonathan Thomas as the Florence roadmaster in 2013. [ECF #89]. Defendant further seeks an order limiting Plaintiff and her counsel from introducing evidence of the gender makeup of Defendant's workforce in the Florence Division. [ECF #90]. On February 27, 2017, Plaintiff filed two Memorandum in Opposition to Defendant's Motions [ECF #92; ECF #93]. On March 6, 2017, Defendant filed Reply Briefs [ECF #94; ECF #95]. All parties have had the opportunity to extensively brief the issues raised in the motion, and this Court has thoroughly considered all the filings in this case.[1] This Court now issues the following ruling.

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

**Standard of Review**

A district court has "broad discretion" in deciding motions in limine. *Kauffman v. Park Place Hosp. Group*, 468 Fed App'x 220, 222 (4th Cir. 2012). Assessing what evidence may be relevant is at the heart of the district court's trial management function. *U.S. v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012). The general rule is that evidence that is not relevant is inadmissible at trial. Fed. R. Evid. 402. Relevant evidence, by contrast, is evidence having a "tendency to make a fact more or less probable that it would be without the evidence." Fed. R. Evid. 401. However, relevant evidence may still be excluded if is probative value substantially outweighs the danger of unfair prejudice, confusion of issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence. Fed. R. Evid. 403.

**Discussion**

**I.      Background**

Plaintiff's Complaint alleged several claims against Defendant, including violations of Title VII, violations of § 1981, and assault and battery, a claim she later abandoned. [ECF #1]. The Complaint alleged that Plaintiff was denied numerous promotions, which were given instead to male employees who were equally or less qualified than Plaintiff. [ECF #1, p. 3]. Previously, this Court issued an Order granting in part and denying in part summary judgment in favor of Defendant. [ECF #70]. This Court declined to grant summary judgment on one of Plaintiff's failure-to-promote claims. The particular claim was that in February 2013, Defendant placed another employee, Jonathan Thomas, in an available roadmaster position in Florence, SC, that Plaintiff believes evidences a discriminatory intent on the part of Defendant to prevent her from

2

receiving this promotion. Accordingly, this claim remains the only claim to be submitted to the jury in this case.

## II. Evidence Related to Dismissed Claims

Defendant argues that Plaintiff should not be allowed to offer evidence that relates to the dismissed claims. This Court agrees that the Parties cannot discuss dismissed claims or introduce evidence on those claims. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503 (E.D.N.C. Nov. 7, 2012). The specific evidence from pretrial disclosures that Defendant seeks to exclude from trial includes the following:

(1) Evidence related to previously-dismissed claims;

(2) Evidence related to the alleged mistreatment of Plaintiff by non-decisionmakers in 2011 and 2012;

(3) Evidence related to non-decisionmaker's alleged opinions of her; and

(4) Evidence related to events occurring after February 2013, the date of the employment action in question.

Defendant argues that since all of the other claims have been dismissed, the only relevant claim pending is the failure-to-promote claim for the Florence position and whether Ron Elliott or any other alleged decisionmaker discriminated against Plaintiff when Mr. Thomas was selected for the roadmaster position. Defendant generally argues that Federal Rules of Evidence 401, 402 and 403 require the exclusion of the evidence listed above.

In response, Plaintiff simply argues that the jury is entitled to "hear the nature of the workplace atmosphere and the attitudes that existed regarding women at the Florence Division."

3

[ECF #92, p. 2]. Plaintiff also cites to *Brown v. Nucor Corp.*, 785 F.3d 895 (4th Cir. 2015) as a case directly on point with this case. *Brown* involved the certification of a class of black steel workers who claimed a hostile work environment and a "pattern or practice" of discriminatory job promotion practices, as well as a disparate impact claim. This is not what has been alleged as presented here. The remaining claim is an "individual" failure-to-promote disparate treatment claim; not a pattern or practice/systemic failure-to-promote disparate treatment claim, nor a hostile work environment claim. As such, Plaintiff's argument about the atmosphere and attitudes generally are not relevant and should be excluded under Federal Rules of Evidence 401, 402 and 403. However, any evidence of discriminatory animus by those such as Mr. Elliott who were directly involved as decisionmakers would be admissible.

With regard to the items listed as (1) through (4) above, Defendant's motion [ECF #89] is granted as further outlined below:

(1) Evidence related to previously dismissed claims is excluded under Federal Rules of Evidence 401, 402 and 403;

(2) Evidence of non-decisionmakers' alleged mistreatment of Plaintiff in 2011 and 2012 is excluded under Federal Rules of Evidence 401, 402 and 403;

(3) Evidence of non-decisionmakers' alleged opinion of her is excluded under Federal Rules of Evidence 401, 402 and 403. However, to the extent those nondecisionmakers have personal knowledge of the skills, aptitude, or ability of the Plaintiff to perform the job of roadmaster or assistant roadmaster, that evidence is admissible;

(4) Evidence related to events occurring <u>after</u> the decision to select Mr. Thomas for the

Florence roadmaster position in February 2013 is excluded under Federal Rules of Evidence 401, 402 and 403.

**III. Evidence Related to Gender Make Up in the Workplace**

Defendant next seeks to exclude what it considers "statistical evidence" of its workforce. Defendant moves in limine to exclude evidence or testimony that Plaintiff was the only female assistant roadmaster in the Florence Division. Defendant argues such evidence is both irrelevant under Federal Rules of Evidence 401 and 402 because there is no evidence regarding the relevant applicant or labor pool for the roadmaster position. Further, Defendant argues it is irrelevant because in individual disparate treatment cases, it is the perception of the decisionmaker that is relevant. Defendant also argues that even if the evidence is minimally relevant, the prejudicial effect outweighs the probative value under Federal Rule of Evidence 403 because a jury may seek to punish Defendant simply for the gender imbalance that exists in the railroad industry which would also to some extent implicate Federal Rule of Evidence Rule 404(b) concerns. [ECF #90, p. 1].

Plaintiff again argues, as she did in her response to the above-discussed motion in limine, that *Brown v. Nucor* mandates the admissibility of this evidence. [ECF #93, p. 1]. First, *Brown* involved a certification of a class of black steel workers alleging endemic racial discrimination and pursuing a failure to promote claim based on two alternative theories: (1) a "pattern or practice" or systemic disparate treatment; and (2) a "disparate impact" theory. Both of those theories are grounded in a statistical analysis and statistical evidence. *See generally Int'l Brotherhood of*

*Teamsters v. U.S.*, 431 U.S. 324 (1977). This is not what is presented here in this case.[2] This is an individual disparate treatment claim. It is the perception of and motivation of the decisionmaker or decisionmakers that is relevant.

Second, while statistical evidence is relevant in a case of discrimination in promotion of a candidate, the relevant comparison is between the percentage of minority employees and the percentage of minority applicants in the qualified labor pool. Statistical evidence used to support a claim based on discriminatory promotion must provide a relevant comparison between the percentage of promoted minority employees and the percentage of those minorities in the applicant pool. *See June v. City of Gastonia*, No. 3:13-CV-612-RJC, 2015 WL 4249877 at *4 (W.D.N.C. July 13, 2015). Absence of a minority in an upper-level position does not prove discrimination without a comparison of the relevant labor pool. "First, a plaintiff cannot avoid his obligation to demonstrate the existence of qualified minorities in the labor pool by pointing to his own qualifications. To do so would obviate the necessity for a rigorous statistical comparison, in contravention of established precedent." *See Carter v. Ball*, 33 F.3d 450, 457 (4th Cir. 1994). Statistical evidence has to be offered in context. *See generally Ardrey v. United Parcel Service*, 798 F.2d 679, 683 (1986) (stating that in a pattern and practice case, statistics may be relevant to show a general discriminatory practice in an employer's hiring or promotion practices). Additionally, to allow such evidence could result in prejudice to Defendant simply due to the gender imbalance that exists in the railroad industry. That prejudice would outweigh any minimal

---

[2] In fact, the majority of circuit courts oppose a private non-class right in this context, instead allowing "pattern or practice" lawsuits only when brought by a certified class. *See Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 760-61 (4th Cir. 1998) (*vacated on other grounds*, 527 U.S. 1031 (1999)).

6

relevance. The issue here is the decisionmaker's motivation. Accordingly, the motion is granted based on Federal Rules of Evidence 401, 402 and 403. However, to the extent Defendant offers any evidence of females in other divisions holding the position in question, Defendant may be opening the door to the potential admissibility of this evidence.

## Conclusion

The Court has thoroughly reviewed the entire record, including all pleadings and exhibits filed in this case. For the reasons stated above, this Court **GRANTS** Defendant's Motion in Limine Regarding Evidence Related to Dismissed Claims [ECF #89] as more explicitly outlined in this Order. Further, for the reasons stated above, this Court **GRANTS** Defendant's Motion in Limine Regarding Statistical Evidence of the Gender Makeup of CSXT's Workplace. [ECF #90].

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
June 2, 2017  R. Bryan Harwell
 United States District Judge